IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ORENTHAL BUTLER, | ) | |
| Petitioner, | ) | Civil Action No. 7:18-cv-00538 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN BRECKON, | ) | United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Orenthal Butler, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging collateral consequences based on his 2010 convictions in the Southern District of Florida. Respondent moves to dismiss the petition in its entirety, arguing that the court lacks subject matter jurisdiction over the petition. Butler has filed an objection to the motion to dismiss.

For the reasons set forth herein, the court concludes that jurisdiction is lacking over Butler's § 2241 petition and will therefore dismiss it.

I. BACKGROUND

**A. Procedural History**

Butler filed the petition on November 1, 2018. Respondent subsequently sought a stay from this court due to the Government shutdown in December 2018, which the court granted. (Dkt. Nos. 4, 5.) After respondent notified the court that the Government had resumed operations, the court lifted the stay. (Dkt. Nos. 7, 11.) Respondent also filed a motion to dismiss the petition, based on lack of subject matter jurisdiction, and supporting memorandum. (Dkt. Nos. 8, 9.) Butler thereafter filed an objection to the motion to dismiss. (Dkt. No. 13.)

**B. Factual Background**

On January 7, 2010, Butler pled guilty in the Southern District of Florida to charges of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (Count 3); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (Count 4); and forcible assault on a federal officer with a deadly and dangerous weapon, in violation of 18 U.S.C. § 111 (Count 5).[1]  He was sentenced on April 8, 2010, to an aggregate term of 420 months imprisonment, five years supervised release, and a special assessment of $400.00.[2] Butler appealed his conviction and sentence, which the Eleventh Circuit denied pursuant to Butler's appeal waiver.

Butler, through counsel, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on July 16, 2012, followed by a *pro se* § 2255 motion on August 7, 2012, in the sentencing court, alleging that he had received ineffective assistance of counsel during the plea bargaining process.  The district court denied the motion to vacate.  On May 15, 2017, Butler filed another motion to vacate pursuant to § 2255 in the Southern District of Florida based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).  The court denied the motion as a second or successive petition for which Butler had failed to seek leave to file from the Eleventh Circuit. The circuit court denied a subsequent request for permission to file a second or successive § 2255 motion.  It appears that Butler has a petition currently pending in the Southern District of

---

[1] Two counts were dismissed based on Butler's agreement to plead guilty to the above charges: attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count 2); and a second charge of forcible assault on a federal officer with a deadly and dangerous weapon, in violation of 18 U.S.C. § 111 (Count 6).

[2] Butler's sentence was subsequently reduced to 383 months pursuant to Amendment 782 of the United States Sentencing Guidelines (USSG).

Florida based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191

(2019).[3]

## C. Petition

Butler's current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 appears

to raise two claims. He first challenges one of the special assessments imposed in his underlying

criminal case. In addition, Butler contests the six-level sentencing enhancement imposed under

the USSG. He states that he is also challenging his conviction based on the above "collateral

consequences."

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed

under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in

§ 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a

§ 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "[T]he remedy afforded by

§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to

obtain relief under that provision, or because an individual is procedurally barred from filing a §

2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Wheeler*, the Fourth Circuit explained that where a petitioner is challenging the legality

of his sentence (as opposed to his conviction[4]), § 2255 will be deemed "inadequate or

---

[3] In that petition, Butler also claims jurisdiction based on § 2255(e).

[4] The Fourth Circuit had addressed motions challenging the legality of a petitioner's conviction in its decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and set forth similar conditions. The court concluded that:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

ineffective" only when all of the following four conditions are satisfied: (1) at the time of

sentencing, settled law of this circuit or the Supreme Court established the legality of the

sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the

aforementioned settled substantive law changed and was deemed to apply retroactively on

collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[5]

for second or successive motions; and (4) due to this retroactive change, the sentence now

presents an error sufficiently grave to be deemed a fundamental defect. *United States v.*

*Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *see also Lester v. Flournoy*, 909 F.3d 708, 712 (4th

Cir. 2018) (applying *Wheeler*). The *Wheeler* court also affirmed that the requirements of the

savings clause are jurisdictional. 886 F.3d at 423, 426. Thus, a § 2241 petitioner relying on the

savings clause to challenge his sentence must meet the *Wheeler* test for the district court to have

subject matter jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29.

Although the court must apply the procedural standard in *Wheeler*, "[i]n evaluating the

substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive

law of the circuit where a defendant was convicted.'" *Ledezma-Rodriguez v. Brecken*, No. 7:18-

---

> of which the prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
> is not one of constitutional law.

*Id.* at 333–34.

    [5] Section 2255 (h) provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain--
>
>    . . .
>
> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

cv-00268 (JLK), 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019)).

Butler claims jurisdiction based on several constitutional provisions and statutes. Relevant here, because he is a federal prisoner challenging his conviction and sentence, are 28 U.S.C. §§ 2241 and 2255.

Butler appears to argue that because he is currently incarcerated within the Western District of Virginia and has named his current custodian, he is entitled to proceed under § 2241. (Pet. 2, Dkt. No. 1; Obj. 2, 3, Dkt. No. 13.) Nowhere in either the petition or the objection to respondent's motion to dismiss does Butler refer to the savings clause of § 2255 or *Wheeler*. That being said, Butler cannot satisfy the requirements of either the savings clause or *Wheeler*. Therefore, the court lacks jurisdiction over the petition. *See Wheeler*, 886 F.3d at 426 (finding that "the savings clause requirements are jurisdictional").

Butler claims that the sentencing court's imposition of special assessments for both 21 U.S.C. §§ 846 and 841 amounts to "double jeopardy," as § 841 "is a lesser-included offense" of 21 U.S.C. § 846. (Pet. 3);[6] *see also* (*id.*) ("The Double Jeopardy clause provides that a defendant shall not receive two punishments for the same offense."); (*id.* 5) ("The Fifth Amendment right to be free from duplicative prosecutions and punishment is a hallmark of American jurisprudence."). Butler challenges not only the additional $100 special assessment for the § 841 conviction, but also the potential adverse collateral consequences stemming from the "unauthorized conviction . . . such as delayed parole, increased social stigma, or even a higher sentence under a recidivist statute if he were convicted of any future crimes." (*Id.* 4.) To

---

[6] The court observes that Butler was not separately convicted or sentenced under 18 U.S.C. § 841. Although he was originally charged under that section, the charge was dismissed pursuant to the plea agreement. Dkt. Nos. 41, 68 in Case No. 09-cr-21015 (S.D. Fl. 2010). Accordingly, there was no separate special assessment imposed for Count 2. Butler appears to conflate Counts 1 and 2 in his petition. (Pet. 1.)

"remedy the error," Butler argues that the court "must vacate all four of defendant's convictions and sentences, and vacate both the defendant's conviction and sentence for violating sections 841(a)(1) and 846." (*Id.*)

Despite his argument that his convictions and sentences were unconstitutional, at the time of his conviction and sentencing, settled circuit or Supreme Court law established the legality of his conviction and sentence. *See Wheeler*, 886 F.3d at 429; *Jones*, 226 F.3d at 333–34. Therefore, the first condition is met.

Butler, however, cannot satisfy any of the other requirements under *Jones* and *Wheeler*. Butler is clearly making a constitutional argument, which is the province of § 2255, not § 2241. Section 2255(a) provides that:

> A prisoner in custody of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed *in violation of the Constitution* or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). *Jones* and *Wheeler* both involved statutory decisions, not constitutional arguments. *See Wheeler*, 886 F.3d at 430 (noting that petitioner was "unable to satisfy the requirements of § 2255(h)(2) because *Simmons*[7] was a statutory decision . . ."); *id.* at 426–27 ("Unable to file a second or successive § 2255 motion because *Bailey*[8] was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief using the savings clause portal." (citing *Jones*, 226 F.3d at 329–30)) (internal footnote omitted); *see also Lester*, 909 F.3d at 712 (noting that petitioner could not meet § 2255(h)'s gatekeeping provisions because the case on which his claim was based was "a decision of statutory interpretation, not

---

[7] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*).

[8] *Bailey v. United States*, 516 U.S. 137 (1995).

6

constitutional law"). By contrast, here, Butler's argument is not that a statutory change has

affected the validity of his conviction or sentence; rather, he is making a constitutional argument,

as evidenced by his double jeopardy contentions noted above. Butler points to no statute which

changed the law subsequent to his conviction and sentencing so as to deem the conduct for which

he was convicted—conspiracy to possess with intent to distribute cocaine, being a felon in

possession of a firearm, possession of a firearm in furtherance of a drug trafficking crime, and

forcible assault on a federal officer—non-criminal. *See Wheeler*, 886 F.3d at 429; *Jones*, 226

F.3d at 334. Moreover, he has not established that any such statute has been made retroactively

applicable to cases on collateral review. *See Wheeler*, 886 F.3d at 429. Accordingly, he cannot

meet the second requirement.

Nor can Butler meet the third *Jones*/*Wheeler* condition. He has not demonstrated that he

is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions.

*See Wheeler*, 886 F.3d at 429; *Jones*, 226 F.3d at 334. The fact that he may be procedurally

barred from filing a second or successive § 2255 petition, or has been unsuccessful in doing so

previously, does not mean that § 2255(h)(2) is inadequate or ineffective to test the legality of his

conviction or sentence. *See Jones*, 226 F.3d at 333 (noting that § 2255 is not inadequate or

ineffective simply because an individual cannot obtain relief under that provision); *Vial*, 115

F.3d at 1194 n.5 (same).

Finally, because Butler was not separately sentenced for violating 18 U.S.C. § 841, he

cannot demonstrate that his sentence "now presents an error sufficiently grave to be deemed a

fundamental defect." *Wheeler*, 886 F.3d at 429. Therefore, Butler has not satisfied the fourth

requirement. *See Cook v. Warden, USP Lee Cty.*, No. 7:18-cv-00311-GEC, 2019 WL 6221300,

at *3 (W.D. Va. Nov. 21, 2019) (noting that all four *Wheeler* requirements must be satisfied).

Butler's first argument thus fails to satisfy the *Jones/Wheeler* requirements for use of the savings clause.

Butler next challenges the six-level enhancement of his sentence under § 2A2.2 of the USSG for commission of a crime of violence. *See* (Pet. 5–9.) According to Butler, his prior state conviction for fleeing or eluding and current conviction for forcible assault on a federal officer only qualify as crimes of violence under the "residual clause" and, therefore, cannot serve as predicate crime of violence. (*Id.* 5–6.)

Butler's argument on this point is far from clear. What is clear is that Butler has failed to demonstrate that this court has jurisdiction under the savings clause, § 2241, and *Wheeler* over a challenge to a sentence imposed almost ten years ago. This type of challenge should have been brought in the sentencing court, on direct appeal, or in Butler's first § 2255 motion. In fact, the issue was brought before the district court in Butler's objections to the pre-sentence investigation report (PSR) and in his sentencing memorandum. Dkt. Nos. 58, 59 in Case No. 09-cr-21015. Butler's objections were denied. Dkt. No. 93 in Case No. 09-cr-21015. Further, Butler raised the issue again, in the context of an ineffective assistance of counsel claim, in his first motion to vacate pursuant to § 2255. Dkt. Nos. 96, 99 in Case No. 09-cr-21015; Dkt. No. 1 in Case No. 12-cv-22897 (S.D. Fl. 2013). The court denied the motion on the merits. Dkt. Nos. 13, 14 in Case No. 12-cv-22897.[9]

---

[9] In his second § 2255 motion, entitled "Actual Innocence," Butler again challenged the sentencing enhancements, as well as his conviction under 18 U.S.C. § 111, claiming that he was actually innocent of that count based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. No. 117 in Case No. 09-cr-21015; Dkt. No. 1 in Case No. 17-cv-21797 (S.D. Fl. 2017). The court dismissed the motion for lack of jurisdiction as an unauthorized second or successive § 2255 motion. Dkt. Nos. 5, 6 in Case No. 17-cv-21797. The Eleventh Circuit subsequently denied leave to file a second or successive motion. Dkt. No. 8 in Case No. 17-cv-21797.

Moreover, to the extent Butler relies on *Johnson* and its progeny for his argument in this court, his attempt fails. *Johnson* was a constitutional decision, *see* 135 S. Ct. at 2563, as were the Supreme Court's cases based on *Johnson*'s reasoning which followed, *see, e.g.*, *Davis v. United States*, 139 S. Ct. 2319, 2336 (holding that that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague); *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (reaching same conclusion with respect to residual clause of Immigration and Nationality Act, 18 U.S.C. § 16(b)). For the reasons already discussed, Butler cannot bring a constitutional challenge under § 2241 and *Wheeler*.

"It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. . . . A contrary rule would effectively nullify the gatekeeping provisions [of § 2255]." *Jones*, 226 F.3d at 333. Instead,

> [A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

*Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam) (internal citations omitted).

CONCLUSION

For the reasons stated, the court concludes that it lacks subject matter jurisdiction over Butler's petition. Accordingly, the court will grant respondent's motion to dismiss and dismiss

this case without prejudice.  An appropriate order will issue this day.

Entered: March 19, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge